UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY R. GREEN,

    Petitioner,

v.                           Case No: 2:17-cv-16-FtM-29CM
                              Case No. 2:12-CR-5-FTM-29CM

UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #429)[1] filed on January 11, 2017, through counsel. Petitioner also filed a Memorandum and Brief in Support (Doc. #2) and a Supplemental Memorandum and Brief in Support (Cv. #5). The government filed a Response in Opposition to Motion (Cv. Doc. #8) on March 23, 2017. The petitioner filed a Reply in Support (Cv. Doc. #9) on April 5, 2017.

**I.**

On July 24, 2013, a federal grand jury in Fort Myers, Florida returned an eight-count Superseding Indictment (Cr. Doc. #89)

---

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

charging petitioner and his co-defendant in Count One with conspiracy to possess with intent to distribute, and to distribute Oxycodone, Alprazolam, and Diazepam outside the usual course of professional practice and for other than legitimate medical purposes. In Count Two, defendant was charged with conspiracy to commit the substantive money laundering offenses enumerated in Counts Three through Eight. The Superseding Indictment contained a forfeiture provision whereby one of the identified assets was real property located at 12900 Eagle Road, Cape Coral, Florida.

Petitioner proceeded to trial, and the jury returned a verdict of guilty on all counts. (Cr. Doc. #231.) On January 7, 2015, the Court sentenced petitioner to a term of imprisonment of 84 months as to each count, to be served concurrently, and a term of supervised release. (Cr. Doc. #370.) On January 8, 2015, the Court granted the government's preliminary order of forfeiture as to certain assets, including the real property located at 12900 Eagle Road, Cape Coral, Florida. (Cr. Doc. #376.) Judgment (Cr. Doc. #378) was also filed on January 8, 2015, which includes a total forfeiture amount of $4,918,603.36, jointly and severally as to petitioner and his co-defendant.

Petitioner filed a Notice of Appeal (Cr. Doc. #385) on January 16, 2015, and the government filed a Notice of Cross-Appeal (Cr.

Doc. #396)[1].  On April 7, 2016, the Eleventh Circuit affirmed finding sufficient evidence to sustain the convictions.  (Cr. Doc. #415.)[2]  On November 10, 2016, the Final Judgment of Forfeiture (Cr. Doc. #419) was issued and all rights, title, and interests in $347,423.56 of equity in the aforementioned real property was forfeited to the United States for disposition.  More specifically, the Final Judgment provides that any remaining net proceeds of the sale of the real property up to $347,423.56 would be forfeited to the United States, with any remaining net proceeds in excess of this amount to be returned to defendant.  Clear title was vested in the United States by the Final Judgment of Forfeiture.

On November 11, 2016, petitioner filed an Emergency Motion to Reconsider or Clarify Final Judgment of Forfeiture (Cr. Doc. #420). On January 17, 2017, the Court issued an Opinion and Order (Cr. Doc. #430) granting reconsideration but otherwise denying the emergency motion noting that petitioner could have appealed the forfeiture but failed to do so.  On January 11, 2017, petitioner filed a Petition for Writ of Error Coram Nobis (Cr. Doc. #427) seeking to have the Final Order of Forfeiture vacated.  The Court

---

1 The cross-appeal was voluntarily dismissed effective July 7, 2015.  (Cr. Doc. #412.)

2 United States v. Green, 818 F.3d 1258 (11th Cir. 2016).

denied this motion, and an Emergency Motion to Stay Forfeiture and Eviction on January 17, 2017. (Cr. Doc. #431; Cr. Doc. #432.)

Petitioner filed his motion seeking relief under § 2255 on January 11, 2017. (Cr. Doc. #429.)

## II.

Petitioner raises one ground for relief: counsel was ineffective for failing to clarify the record as to whether the government would be able to force the sale of petitioner's home when only $347,423.50 was subject to forfeiture. Petitioner argues that forfeiture of his entire residence would be excessive under all circumstances. The government argues that the motion should be dismissed because the claim is not cognizable, and is procedurally defaulted. In reply, petitioner concedes that he could have filed an appeal but argues that the appeal was not filed based on counsel's ineffectiveness in not realizing that the preliminary forfeiture meant the government would sell the real property. Petitioner filed a Notice (Cv. Doc. #13) indicating that he has been able to secure a loan on the real property to satisfy the forfeiture amount, however this has no bearing on the § 2255 ground for relief.

## III.

Where an issue which could have been raised on appeal is not pursued, it will not be considered in a § 2255 proceeding absent a showing of cause and actual prejudice from the errors of which

she complains, or actual innocence.  Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982); Mills, 36 F.3d at 1055.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be **released** upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). The Eleventh Circuit has clearly stated that a § 2255 petition cannot be used for the sole purpose of attacking fines or restitution if the petitioner is not seeking release from illegal or improper custody. Mamone v. United States, 559 F.3d 1209, 1211 (11th Cir. 2009) (citing Blaik v. United States, 161 F.3d 1341, 1343 (11th Cir. 1998)). "Likewise, a challenge to forfeiture is not cognizable in a § 2255 proceeding" for the same reason. Olivos v. United States, No. 6:12-CR-288-ORL-31KRS, 2017 WL 2292973, at *3 (M.D. Fla. May 23, 2017).

Because a successful challenge to the Final Order of Forfeiture would in no part relieve petitioner from his physical confinement, § 2255 is not the proper vehicle to seek non-custodial relief that is otherwise barred. Arnaiz v. Warden, Fed. Satellite Low, 594 F.3d 1326, 1329 (11th Cir. 2010); United States v. Harris,

- 5 -

546 F. App'x 898, 901 (11th Cir. 2013). The Court need not reach the issue of cause or prejudice because petitioner's claim is simply not cognizable by habeas corpus. The petitioner will be dismissed for lack of jurisdiction.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #429) is **DISMISSED** for lack of jurisdiction.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) IS DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented

were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of August, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA